UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHILIP CLIVE SEAL,

               Petitioner,

v.

ERIC H. HOLDER, JR.,

               Respondent.

Case No. C12-181-TSZ-BAT

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Philip Clive Seal is a native of Jamaica who is currently detained by the Department of Homeland Security ("DHS") pending completion of his removal proceedings. Petitioner, proceeding *pro se*, has filed a "Motion to Show American National Pursuant to 8 U.S.C. § 1503(a)," which the Court construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 4. Petitioner contends that he derived citizenship through his father and, therefore, "cannot be deported because he is not an alien, but a 'national' of the United States." *Id*. at 2. Respondent has moved to dismiss arguing, *inter alia*, that the Court lacks jurisdiction under 8 U.S.C. § 1503(a)(2) and under 8 U.S.C. § 1252(b)(5) to consider petitioner's nationality claim because he is in removal proceedings and his nationality claim is at issue in those proceedings. Dkt. No. 10.

REPORT AND RECOMMENDATION- 1

For the reasons set forth below, the Court recommends that petitioner's petition be **DENIED**, respondent's motion to dismiss be **GRANTED**, and that this matter be **DISMISSED**.

## II. FACTUAL AND PROCEDURAL HISTORY

Petitioner is a native of Jamaica who was admitted to the United States as an immigrant on September 30, 1982, when he was 13 years old. Administrative Record ("AR") at R21, R25, L25. He subsequently adjusted his status to lawful permanent resident. AR L124. On March 6, 2007, he filed a Form N-400 Application for Naturalization with the United States Citizenship and Immigration Services ("USCIS"). AR L71-80. USCIS denied the application on August 10, 2007, finding that he was ineligible to naturalize because he was on parole for a criminal conviction at the time he filed his N-400 application. AR L71-80, L82-83.

On November 10, 1986, petitioner was convicted in the Circuit Court for the State of Utah at Davis County for the offense of Attempted Burglary and was sentenced to 180 days in jail. AR L107. On May 2, 2011, petitioner was convicted in the Superior Court of Alaska at Palmer for the offense of Misconduct Involving a Controlled Substance in the Third Degree, and Theft in the Second Degree, and was sentenced to three years and four months in jail. AR L114.

In 2011, DHS charged petitioner with being removable for having been convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of two crime involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(ii), and for having been convicted of a firearms offense under 8 U.S.C. § 1227(a)(2)(C). AR L99-101. Petitioner was placed in immigration custody under the mandatory detention statute, 8 U.S.C. § 1226(c). AR L86. On January 31, 2012, petitioner filed a motion with the Immigration Court to show he is a United States citizen and, as a result, cannot be removed from the United States. AR L231-36. Petitioner's removal proceedings remain pending before the Immigration Court.

### III. DISCUSSION

A claim to United States citizenship may be initiated in two ways: a declaration of citizenship may be sought under 8 U.S.C. § 1503(a) or a claim may be brought under 8 U.S.C. § 1252(b)(5). *See Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 396-97 (5th Cir. 2007). Section 1503(a) of Title 8 provides: "If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by a department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States." 8 U.S.C. § 1503(a). However, a person may *not* institute an action for declaratory judgement of United States citizenship under § 1503(a) if the issue of the person's status as a citizen of the United States "(1) arose by reason of, or in connection with any removal proceedings under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding." 8 U.S.C. § 1503(a); *Rios-Valenzuela*, 506 F.3d at 397 ("[A] purported citizen may not initiate or bring a declaratory judgment action to establish his citizenship if it is already being litigated in a removal proceeding."). Here, because the issue of petitioner's citizenship claim arose in connection with his current removal proceedings, and the Immigration Judge will decide the issue, this Court does not have jurisdiction to consider his citizenship claim under § 1503(a). *See id.*

Alternatively, if the person is in removal proceedings, he can claim citizenship as a defense. *See Rios-Valenzuela*, 506 F.3d at 396. If unsuccessful, he can file a petition for review with the appropriate court of appeals. *See* 8 U.S.C. § 1252(b). Under § 1252(b)(5), "[i]f the petitioner claims to be a national of the United States and the court of appeals finds from the

pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim." 8 U.S.C. § 1252(b)(5)(A). But if "the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States . . . for a new hearing on the nationality claim . . . ." 8 U.S.C. § 1252(b)(5)(B). "The sole and exclusive avenue" for judicial review of a nationality claim is by direct petition for review to the court of appeals. *See Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir. 2002) (Section 1252(b)(5) "is the exclusive means of determining U.S. citizenship for aliens in removal proceedings."); *Iasu v. Smith*, 511 F.3d 881, 889 (9th Cir. 2007); *cf. Flores-Torres v. Mukasey*, 548 F.3d 708, 711 (9th Cir. 2008) (finding the REAL ID Act precludes district court jurisdiction over citizenship claims raised as a challenge to an order of removal, but does not preclude jurisdiction over such claims raised as a challenge to detention). In the present case, the record is clear that the court of appeals did not transfer this matter to this Court, rather, petitioner initiated the present action by filing a motion on March 5, 2012. Because the exclusive means of determining United States citizenship is by direct petition for review to the court of appeals, the Court does not have jurisdiction to consider petitioner's citizenship claim under § 1252(b)(5). Accordingly, the Court lacks jurisdiction to issue a declaratory judgment regarding petitioner's citizenship.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's petition be **DENIED**, respondent's motion to dismiss be **GRANTED**, and this matter be **DISMISSED** with prejudice.

Any objections to this Recommendation must be filed and served upon all parties no later than **June 21, 2012.** If no objections are filed, the matter will be ready for the Court's consideration on **June 22, 2012**. If objections are filed, any response is due within 14 days after

REPORT AND RECOMMENDATION- 4

being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed **10** pages. The failure to timely object may affect the right to appeal.

DATED this 31st day of May, 2012.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION- 5